# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NELDA WILSON,** *et al.*, | Case No. 3:16-cv-64-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **HGC, INC.,** | |
| Defendant. | |

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 701**, | Case No. 1:16-cv-799-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **HGC, INC.,** | |
| Defendant. | |

Talia Y. Stoessel, BENNETT, HARTMAN, MORRIS & KAPLAN, LLP, 210 S.W. Morrison Street, Suite 500, Portland, OR 97204. Of Attorneys for Plaintiffs Nelda Wilson, *et al.* (in Case No. 16-cv-64-SI).

Nicole E. Rappaport, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 701, 555 E. First Street, Gladstone, OR 97027. Of Attorneys for Plaintiff International Union of Operating Engineers, Local 701 (in Case No. 16-cv-799-SI).

C. Akin Blitz, Mitchell J. Cogen, and Benjamim P. O'Glasser, BULLARD LAW, 200 S.W. Market Street, Suite 1900, Portland, OR 97201. Of Attorneys for Defendant (in both cases).

**Michael H. Simon, District Judge.**

In these two related cases, the captions of which are shown above, different but related plaintiffs have sued the same defendant. The defendant has moved to consolidate these actions, and both plaintiffs oppose that motion. In addition, both cases originally were assigned to different judges in this district. The defendant also moved to transfer the later-filed case to the undersigned judge, to whom the earlier-filed case originally was assigned. The plaintiffs did not object to that motion, and the transfer has been completed. For the reasons that follow, the defendant's motion to consolidate these two cases is denied, but the Court, which now presides over both cases, will enter appropriate orders to avoid unnecessary cost and delay and the risk of inconsistent rulings.

## STANDARDS

Rule 42(a) of the Federal Rules of Civil Procedure states:

> CONSOLIDATION.  If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

The purpose of Rule 42(a) is to improve trial court efficiency by avoiding unnecessary duplication of evidence and procedures and to avoid the risk of inconsistent adjudications. Consolidation is inappropriate if it would lead to inefficiency, inconvenience, or unfair prejudice to any party. *See E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). The essential requirement is that there be a question of law or fact that is common to the cases to be consolidated. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). It is not enough

that the actions involve a common defendant, if the issues of law or fact are otherwise unrelated. *Id.* at 236. In addition, actions may be consolidated either for all purposes or only for pretrial purposes, such as discovery and motion practice. *See, e.g., Barraford v. T & N Ltd.*, 778 F.3d 258, 262 n.8 (1st Cir. 2015). Finally, whether actions that have been consolidated pursuant to Rule 42(a) retain their separate "character" or become "merged" appears to be an unresolved question in the Ninth Circuit. *See Schnabel v. Lui*, 302 F.3d 1023, 1035-36 (9th Cir. 2002).

## BACKGROUND

### A.  The *Wilson* Lawsuit

On January 14, 2016, Nelda Wilson and seven other individuals, serving as Trustees of the AGC-International Union of Operating Engineers Local 701 Training Trust Fund, Pension Trust Funds, and Health and Welfare Trust Fund, (collectively, the "*Wilson* Plaintiffs") filed a lawsuit against HGC, Inc. ("HGC"), an Oregon corporation (the "*Wilson* Lawsuit"). As alleged by the *Wilson* Plaintiffs, on May 28, 2010, HGC entered into a Master Labor Collective Bargaining Agreement ("CBA") with the International Union of Operating Engineers, Local 701 ("Local 701"). Local 701 represents persons employed by HGC in the state of Oregon. In this lawsuit, the *Wilson* Plaintiffs seek to enforce a collective bargaining agreement and certain audit and contribution obligations under 29 U.S.C. § 185 of the Labor Management Relations Act ("LMRA") (also known as the "Taft-Hartley Act"), 29 U.S.C. §§ 141, *et. seq.* and under 29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

Under the CBA and its addenda and successor agreements, HGC is bound by the terms and provisions of certain trusts agreement that govern the trust funds at issue. According to the *Wilson* Plaintiffs, on May 2, 2014, HGC attempted to terminate the CBA by sending a notice to Local 701. On December 9, 2014, Local 701 initiated an arbitration and grievance process,

alleging that HGC failed properly to terminate the CBA. On December 23, 2014, HGC denied

the grievance. On December 31, 2014, Local 701 attempted to advance the grievance, and HGC

failed to respond. Local 701 and HGC dispute the validity of HGC's purported termination of the

CBA. The *Wilson* Plaintiffs further allege that HGC has failed to make required contributions

since May 2, 2014, and has refused the demands of the *Wilson* Plaintiffs to conduct or allow an

audit for all periods after May 2, 2014.

As their First Claim, the *Wilson* Plaintiffs seek an interlocutory order requiring the

production of relevant books and records and the allowance of a full audit, pursuant to 29 U.S.C.

§§ 301 and 1145, as well as their reasonable attorney's fees under the relevant trust agreements

and 29 U.S.C. § 1132(g). As their Second Claim, the *Wilson* Plaintiffs seek a money judgment in

the amount of all unpaid employee benefit contributions that an audit may show are due and

owing, plus liquidated damages, prejudgment interest, audit costs, and reasonable attorney's fees

and expenses.

In its Answer, HGC asserts that it sent its first termination notice to Local 701 on June 5,

2012, and its second notice on May 2, 2014. HGC also denies that Local 701 attempted to

"advance the grievance." HGC further asserts that on December 18, 2014, the *Wilson* Plaintiffs

acknowledged that on May 2, 2014, HGC validly terminated the collective bargaining

agreement. Accordingly, HGC argues, it has not failed to make any required contributions and

has not failed to allow access to any books and records to which the *Wilson* Plaintiffs have any

right to see. HGS also raises additional affirmative defenses, which are not necessary to describe

at this time.

## B.  The *Local 701* Lawsuit

On May 9, 2016, Local 701 filed its own lawsuit against HGC (the "*Local 701* Lawsuit").

As alleged by Local 701 in its "Complaint to Compel Arbitration," on or about May 28, 2010,

PAGE 4 – OPINION AND ORDER

HGC entered into the CBA with Local 701.[1] The CBA incorporates the terms and conditions of the Master Labor Agreement ("MLA") between Local 701 and the Oregon-Columbia Chapter of the Associated General Contractors of America, Inc. ("AGC"). According to Local 701, the CBA, including its addenda and successor agreements, remains in full force and effect to the present date, although whether HGC properly terminated the CBA is a question that Local 701 seeks to arbitrate. The MLA contains a grievance procedure that provides for final and binding arbitration of disputes.

According to Local 701, on December 9, 2014, Local 701 filed a grievance after the parties met. Local 701 further asserts that HGC refused to bargain, insisted that it had already terminated its contractual relationship with Local 701, and denied the grievance. Local 701 adds that on December 23, 2015, HGC notified Local 701 that HGC was refusing to arbitrate the grievance. Local 701 further alleges that after December 23, 2015, HGC indicated that it might be willing to arbitrate, but only under certain conditions. Local 701 adds that on May 5, 2016, it received a letter from HGC's attorney, stating that some of these conditions concerned actions involving the Trust and its claims, which are the subject of the *Wilson* Lawsuit. According to Local 701, HGC refuses to arbitrate unless all of its conditions are satisfied, and Local 701 states that it is unable to satisfy some of those conditions to which only the Trustees (*i.e.*, the *Wilson* Plaintiffs) can agree.

---

[1] In its Complaint in the *Local 701* Lawsuit, Local 701 states that HGC and Local 701 entered into the CBA on June 7, 2010. The *Wilson* Plaintiffs, however, allege in their Complaint in the *Wilson* Lawsuit that the CBA is dated May 28, 2010. The CBA itself begins by reciting that "This Agreement is entered into this 28th day of May, 2010." It appears to have been signed by HGC on May 31, 2010, and appears to have been signed by Local 701 on June 7, 2010. Unless a different date is proven and becomes relevant, the Court will treat the CBA as effective as of May 28, 2010.

In the *Local 701* Lawsuit, Local 701 claims that HGC has violated Section 301 of the LMRA, 29 U.S.C. § 185, by refusing to arbitrate the grievance at issue. Local 701 seeks declaratory relief, injunctive relief ordering that HGC arbitrate the grievance, and Local 701's reasonable attorney's fees and expenses. HGC has not yet filed its answer.

## DISCUSSION

On June 9, 2016, HGC filed its motion to consolidate in both cases. Both the *Wilson* Plaintiffs and Local 701 oppose HGC's motion, arguing that there are many significant factual and legal differences between the two cases. HGC argues that "[t]he chief dispute between the parties is (or is a variation of): 'when did Defendant's contractual obligations to [Local] 701 and the Trust cease?'" *Wilson* Lawsuit ECF 11 at 3; *Local 701* Lawsuit ECF 5 at 2. Although there is some merit to what is argued by the *Wilson* Plaintiffs and Local 701, the Court is satisfied that the mixed question of law and fact stated by HGC is common to both cases sufficient to invoke Rule 42(a).

In addition, HGC, in its reply in both cases, states: "HGC merely seeks consolidation so that discovery and summary judgment briefing can be completed simultaneously in both cases." *Wilson* Lawsuit ECF 21 at 4; *Local 701* Lawsuit ECF 10 at 4. That proposition does not appear to be opposed either by the *Wilson* Plaintiffs or by Local 701, and the Court agrees that this is appropriate. Further, HGC in its reply submitted an "alternative" request, asking, in the event that the two cases are not consolidated, that "the Court enter a protective order providing that depositions be conducted on the same schedule in both matters." *Wilson* Lawsuit ECF 21 at 4; *Local 701* Lawsuit ECF 10 at 4. Neither the *Wilson* Plaintiffs nor Local 701 filed any opposition to that request, and the Court agrees that this is appropriate. Accordingly, the Court denies HGC's motion that the two actions be consolidated pursuant to Rule 42(a)(2), in large part because unnecessary cost or delay and the risk of inconsistent rulings may be avoid through less

drastic means permitted under Rule 42(a)(3). The Court, however, grants HGC's alternative request pursuant to Rule 42(a)(3).

## CONCLUSION

Defendant HGC, Inc.'s Motions to Consolidate Cases (ECF 11 in the *Wilson* Lawsuit, Case No. 16-cv-64-SI and ECF 5 in the *Local 701* Lawsuit, Case No. 16-cv-799-SI) are DENIED IN PART AND GRANTED IN PART. Except where the *Wilson* Plaintiffs, Local 701, and HGC all expressly agree in writing to the contrary, all depositions and other discovery going forward shall be jointly conducted in both cases on the same schedule and captioned for both cases. In addition, the parties in both cases promptly shall confer and then jointly file in both cases not later than September 2, 2016, a proposed scheduling and case management order that provides any adjustments to the pending deadlines in each case that may be necessary or appropriate to reduce the risk of unnecessary cost, delay, or inconsistent rulings. To the extent that the parties cannot agree on such scheduling issues, each party may concisely set forth its own position in a separate memorandum also filed not later than September 2, 2016. Further, Local 701 has leave to appear as an "interested party" in the *Wilson* Lawsuit, and the *Wilson* Plaintiffs have leave to appear as an "interested party" in the *Local 701* Lawsuit. Finally, the Clerk of the Court shall enter copies of this Opinion and Order in both of the above-captioned cases.

**IT IS SO ORDERED**.

DATED this 18th day of August, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge